David L. Knapper
State Bar No. 010328
**LAW OFFICES OF DAVID L. KNAPPER**
1599 East Orangewood, Suite 125
Phoenix, Arizona 85020
Telephone:          (602) 252-0809
Facsimile No:       (602) 256-0432
E-Mail:             dlk@knapperlaw.com
Attorney for Movant/Secured Creditor **IMPERIAL CAPITAL BANK**

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| In Re<br><br>AMPELIO BARRON FELIX and ANAMARIA FELIX,<br><br>Debtors.<br><br>IMPERIAL CAPITAL BANK, a California commercial bank,<br><br>Movant,<br><br>v.<br><br>AMPELIO BARRON FELIX and ANAMARIA FELIX, aka Ana Maria Felix, Debtors, and FELIX FAMILY TRUST, U/A DATED SEPTEMBER 23, 2008, Interested Party,<br><br>Debtors/Respondents. | CHAPTER 11<br><br>CASE NO. 2:09-bk-27291-CGC<br><br>(Assigned to the Honorable Judge Charles G. Case II)<br><br><br><br><br><br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br>**&**<br>**DEMAND FOR ADEQUATE PROTECTION** |

Movant/Secured Creditor IMPERIAL CAPITAL BANK, a California commercial bank ("MOVANT"), hereby requests, among other things, an Order granting MOVANT or its successor(s) relief from the automatic stay of 11 U.S.C. § 362(a), to immediately permit MOVANT or its successor(s), notwithstanding Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure, and with said Rule explicitly waived, to enforce the Deed of Trust, Assignment of

Rents, Security Agreement and Fixture Filing dated August 7, 2007 and recorded on August 24, 2007 at Recorder's No. 2007-0955161, Maricopa County, Arizona ("Deed of Trust"), encumbering the real property, together with the improvements thereon and fixtures attached thereto, plus all additional items pledged as collateral pursuant to the Deed of Trust, generally consisting of eight (8) single story buildings housing a total of thirty-two (32) residential apartment units commonly known as and/or generally located at 2608, 2612 and 2618 East Roosevelt Street and 2613 East Portland Street, Phoenix, Arizona 85008 85222, bearing the legal description as contained in Exhibit "A" attached to the Deed of Trust, plus as attached as Exhibit "A" to the proposed "Order Granting Movant Relief from the Automatic Stay" that MOVANT is mailing out on even date herewith to all necessary parties, and also identified as Maricopa County Assessor Tax Parcel Nos. 121-76-085C, 121-76-104A and 121-76-086C (collectively "Property"), owned by Debtors AMPELIO BARRON FELIX and ANAMARIA FELIX, aka Ana Maria Felix, and/or owned by them as Co-Trustees of their Trust, specifically, Interested Party FELIX FAMILY TRUST, U/A DATED SEPTEMBER 23, 2008 (collectively "DEBTORS"), by means of causing to be conducted a Trustee's Sale of the Property ("Sale"), and if the successful bidder(s) at the Sale, to thereafter obtain exclusive ownership, possession and control of the Property. MOVANT also requests, again, among other things, that pending the completion of the Sale, the aforementioned Order also permit MOVANT or its successor(s) to further enforce the Deed of Trust by immediately, again, notwithstanding Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure, and again, with said Rule explicitly waived, causing the Property to be placed under the control of a State Court appointed Receiver, including without limitation, by means of MOVANT or its successor(s) continuing to prosecute and obtaining the relief requested in and by Count Two (Application for Appointment of Receiver, With or Without Notice) of the Complaint that MOVANT filed initiating Cause or Case No. CV2009-054573, Maricopa County Superior Court, Arizona.

| | |
|---|---|
| 1 | This Motion is supported by the attached Memorandum of Points and Authorities, |
| 2 | which MOVANT incorporates herein by this reference. |
| 3 | |
| 4 | DATED this 2nd day of November, 2009. |
| 5 | |
| 6 | LAW OFFICES OF DAVID L. KNAPPER |

                /s/David L. Knapper
                David L. Knapper
                Attorney for MOVANT

## MEMORANDUM OF POINTS AND AUTHORITIES

As verified by the Declaration of Wanda Rapp attached hereto as Attachment "1":

1. As evidenced by the Proof of Claim that MOVANT is filing in this Chapter 11 on even date herewith ("MOVANT's POC"), which MOVANT hereby incorporates, including its referenced and attached Exhibits, as though fully alleged herein and attached hereto, by means of the Deed of Trust, MOVANT holds the Property, together with the rents and income pertaining to or generated by the Property of whatsoever kind and nature, as collateral securing repayment of indebtedness Debtors AMPELIO BARRON FELIX and ANAMARIA FELIX, aka Ana Maria Felix, owe MOVANT pursuant to the terms of that certain Promissory Note dated August 7, 2007 in the original principal amount of $1,100,000.00 ("Note"), and the Deed of Trust.

2. True and correct copies of the Not and DOT are attached to MOVANT's Proof of Claim as its Exhibit "B" and "A," respectively.

3. As further evidenced by MOVANT's POC, pursuant to the terms of the involved loan documents, as of the initiation of this Chapter 11 on October 27, 2009, MOVANT was owed the cumulative amount of not less than $1,179,338.00, again, with repayment of this indebtedness secured by the Deed of Trust.

4. MOVANT's POC further evidences that because of pre-Petition breaches and/or events of default that arose, it would have taken not less than $74,491.42 to cure or reinstate the subject loan, as of October 27, 2009.

5. Additionally, a further breach and/or an additional event of default of the subject loan arose pre-Petition when Debtors AMPELIO BARRON FELIX and ANAMARIA FELIX, aka Ana Maria Felix, conveyed the Property to Interested Party FELIX FAMILY TRUST, U/A DATED SEPTEMBER 23, 2008.

6. Since the initiation of this Chapter 11, again, on October 27, 2009, MOVANT has not received a penny from DEBTORS or anyone else on their behalf.

7. This means that the amount of the aforementioned indebtedness owing MOVANT has increased post-Petition, and shall hereafter continue to grow.

8. Yet meanwhile, the Property has been generating, and continues to generate rental income, which pursuant to the terms of the assignment of rents and assignment of leases clauses contained in Sections 3 and 4 of the Deed of Trust, respectively, constitutes MOVANT's cash collateral.

9. The aforementioned pre-Petition breaches and/or events of default prompted MOVANT on October 6, 2009 to initiate a Sale; *i.e.*, a non-judicial foreclosure, of, upon or against the Property, and on October 16, 2009 to file a lawsuit in State Court requesting, among other relief, the appointment of a Receiver, specifically, said lawsuit being the aforementioned Cause or Case No. CV2009-054573, Maricopa County Superior Court, Arizona, again, with Count Two of the subject Complaint requesting a Receiver.

10. Going forward in this Chapter 11, it will take close to $8,000.00 each month just for Debtors AMPELIO BARRON FELIX and ANAMARIA FELIX, aka Ana Maria Felix, to keep current with monthly non-default rate interest accruing in MOVANT's favor, plus to cover required impounds to subsequently pay the real estate taxes that are accruing against the Property.

11. In short, the Property is hemorrhaging.

12. There is no equity in the Property.

13. Indeed, during a conversation held with MOVANT's attorney of record on October 30, 2009, Debtor AMPELIO FELIX readily acknowledged the aforementioned indebtedness owing MOVANT exceeds, by hundreds of thousands of dollars, what the Property can currently be sold for, even if MOVANT were to accept a "short sale".

14. MOVANT's attorney was also told on October 30, 2009 that DEBTORS have no desire to continue owning and operating the Property.

5

Case 2:09-bk-27291-CGC    Doc 16    Filed 11/02/09    Entered 11/02/09 21:28:36    Desc
LAW OFFICES OF DAVID L. KNAPPER                    Main Document    Page 5 of 11

15. MOVANT is entitled to relief from the 11 U.S.C. § 362(a) bankruptcy automatic stay in accordance with:

(a) 11 U.S.C. § 362(d)(1), for cause, including, but without limitation, because MOVANT is not adequately protected, and/or

(b) 11 U.S.C. § 362(d)(2) because:

(i) DEBTORS does not have any equity in the Property, and

(ii) the Property is not necessary to an effective reorganization because pursuant to cases that have interpreted 11 U.S.C. § 362(d)(2)(B), including *United Savings Ass'n v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 375-376 (1988) and *In re Bloomington HH Investors*, 114 B.R. 174, 176-177 (D. Minn. 1990), DEBTORS do not have a reasonable possibility of successfully implementing a Chapter 11 Reorganization within a reasonable time. In part, this is because pursuant to 11 U.S.C. § 1129(a)(11), "[c]onfirmation of [any P]lan [proposed by DEBTORS would] likely . . . be followed by the liquidation, or the need for further financial reorganization, of . . . [DEBTORS]." Moreover, confirmation is all the more unfeasible because DEBTORS are incapable of successfully implementing a Chapter 11 Plan that will fully pay-off all their secured creditors, or at a minimum, fully pay-off all indebtedness deemed by the Court to be fully secured, plus in the interim, pay a reasonable rate of return to all secured creditors, and lastly, comply with 11 U.S.C. § 1129(a)(7)(A)(ii) by paying all involved unsecured creditors at least the same amount they would receive if this case were converted to a Chapter 7.

LAW OFFICES OF DAVID L. KNAPPER

16. Additional 11 U.S.C. § 362(d)(1) "cause" exists for MOVANT to be granted stay-lift relief because in violation of 11 U.S.C. § 363(a) and (c)(2), DEBTORS have wrongfully failed to account for MOVANT's aforementioned cash collateral and/or have absconded with such.

17. Service of this Motion is being made by MOVANT upon all necessary parties.

### PRAYER

Based upon the foregoing, MOVANT again requests that this Court enter a Lift Stay Order permitting MOVANT or its successor(s), notwithstanding Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure, and with said Rule explicitly waived, to enforce the Deed of Trust by means of causing to be to be conducted a Sale, and if the successful bidder(s) at the Sale, to thereafter obtain exclusive ownership, possession and control of the Property.

MOVANT also again requests, again, among other things, that pending the completion of the Sale, the aforementioned Order further permit MOVANT or its successor(s) to immediately, again, notwithstanding Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure, and again, with said Rule explicitly waived, enforce the Deed of Trust by causing the Property to be placed under the control of a State Court appointed Receiver, including without limitation, by means of MOVANT or its successor(s) continuing to prosecute and obtaining the relief requested in and by Count Two (Application for Appointment of Receiver, With or Without Notice) of the Complaint that MOVANT filed initiating Cause or Case No. CV2009-054573, Maricopa County Superior Court, Arizona.

The precise relief MOVANT requests it be awarded in such a Lift Stay Order is set forth in the proposed "Order Granting Movant Relief from the Automatic Stay," which again, MOVANT is serving upon all necessary parties by mailings effectuated on even date herewith, with that proposed Order attached as Attachment "1" to the "Certificate of Service" MOVANT is filing in this case on even date herewith.

The proposed Order includes in rem verbiage, which means that MOVANT is also requesting this Court adjudicate that even if this Chapter 11 is subsequently converted to another Chapter under the Bankruptcy Code, and even if one or more other bankruptcies are earlier or subsequently filed by or against DEBTORS, and whether jointly or separately, such shall not prevent MOVANT or its successor(s) from causing a Receiver to be appointed in State Court to take over control of the Property, and further, causing to be completed a Sale, and if the successful bidder(s) at the Sale, thereafter obtaining exclusive ownership, possession and control of the Property.

MOVANT further requests that by entering its proposed Order, this Court enjoin DEBTORS from directly or indirectly attempting to lease, transfer, sell, encumber or utilize the Property, including any portion thereof, and also, enjoin DEBTORS from utilizing or otherwise disbursing any funds previously or subsequently derived from leasing-out and/or utilizing portions of the Property, again, said funds which are the cash collateral of MOVANT or its successor(s).

MOVANT also requests this Court accept and include the additional verbiage contained in the aforementioned proposed Order providing that at MOVANT's request, or that of its successor(s), any further bankruptcies filed by, or against, and whether jointly or separately, any party claiming an interest in the Property, including without limitation, DEBTORS, either prior or one hundred fifty (150) days subsequent to the entry of the Order, shall be assigned to this Court.

MOVANT further requests this Court confirm, by entering the proposed Order, that the terms of the Order shall remain in full force and effect even if an Appeal is taken of the Order, unless a separate Order explicitly staying such is obtained from this Court, the Bankruptcy Appellate Panel or the United States District Court.

If this Court is not inclined to enter a Lift Stay Order, then MOVANT requests, in the alternative, that for purposes of providing MOVANT or its successor(s) adequate protection,

8

Case 2:09-bk-27291-CGC    Doc 16    Filed 11/02/09    Entered 11/02/09 21:28:36    Desc
LAW OFFICES OF DAVID L. KNAPPER
Main Document    Page 8 of 11

this Court enter an Order Modifying the Automatic Stay, whereby MOVANT or its successor(s) shall be granted authorization to enforce the Deed of Trust by means of immediately, again, notwithstanding Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure, and again, with said Rule explicitly waived, causing a Receiver to be appointed in State Court, further causing to be completed a Sale, and if the successful bidder(s) at the Sale, to thereafter obtain exclusive ownership, possession and control of the Property, if DEBTORS do not pay MOVANT or its successor(s) $8,000.00, or a different amount possibly adjudged by the Court to be appropriate, on the first (1st) day of each month.

RESPECTFULLY SUBMITTED this 2nd day of November, 2009.

LAW OFFICES OF DAVID L. KNAPPER

/s/David L. Knapper
David L. Knapper
Attorney for MOVANT

COPY of the foregoing
transmitted on or about this
2nd day of November, 2009, to:

The Honorable Judge Charles G. Case II
United States Bankruptcy Court
230 North First Avenue
6th Floor, Courtroom No. 601
Phoenix, Arizona 85025

COPIES of the foregoing
mailed this 2nd day of November, 2009, to:

All Necessary Parties as evidenced
by the Certificate of Service filed
by MOVANT on even date herewith

/s/David L. Knapper
David L. Knapper

# ATTACHMENT "1"

## DECLARATION OF WANDA RAPP

State of CALIFORINA    )
                       ) ss.
County of Los Angeles  )

Wanda Rapp, being first duly sworn upon his oath, deposes and states:

1. That I am a Workout Officer for Imperial Capital Bank, a California commercial bank ("ICB"), which is the Movant/Secured Creditor that will be filing a Motion for Relief from the Automatic Stay & Demand for Adequate Protection ("Motion & Demand"), in *In re Ampelio Barron Felix and Anamaria Felix*, Case No. 2:09-bk-27921-CGC (Chapter 11), United States Bankruptcy Court, District of Arizona, Phoenix Division, with this Declaration to be attached as Attachment "1" to the Motion & Demand.

2. That after undertaking appropriate fact investigation, I hereby avow that all facts alleged in the Motion & Demand, which I have carefully read, are true and correct to the best of my knowledge, information and belief. These facts are known personally to me, were procured from ICB's records maintained in the ordinary course of its business, were supplied by the Debtors that initiated the above-referenced Chapter 11 and/or were retrieved from public records.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Wanda Rapp

SUBSCRIBED AND SWORN TO before me this 2nd day of November, 2009, by Wanda Rapp.

_____
Notary Public

My Commission Expires:

Aug 11, 2012

YVETTE M. GONZALEZ
Commission # 1809335
Notary Public - California
Los Angeles County
My Comm. Expires Aug 11, 2012