**SO ORDERED.**



**Dated: January 04, 2010**

David L. Knapper
State Bar No. 010328
**LAW OFFICES OF DAVID L. KNAPPER**
1599 East Orangewood, Suite 125
Phoenix, Arizona 85020
Telephone:          (602) 252-0809
Facsimile No:       (602) 256-0432
E-Mail:             dlk@knapperlaw.com
Attorney for Movant/Secured Creditor **CITY NATIONAL BANK** .

_____

CHARLES G. CASE, II
U.S. Bankruptcy Judge

_____

## IN THE UNITED STATES BANKRUPTCY COURT
### IN AND FOR THE DISTRICT OF ARIZONA, PHOENIX DIVISION

|  |  |
|---|---|
| In Re | ) |
|  | ) |
| AMPELIO BARRON FELIX and ANAMARIA FELIX, | ) |
|  | ) |
|  | ) |
|  | ) |
|  | ) |
| Debtors. | ) |
|  | ) |
| CITY NATIONAL BANK, a national banking association, for itself and as acquirer of certain assets and liabilities of Imperial Capital Bank, from the Federal Deposit Insurance Corporation Acting as Receiver, | ) |
|  | ) |
|  | ) |
| Movant, | ) |
|  | ) |
| v. | ) |
|  | ) |
| AMPELIO BARRON FELIX and ANAMARIA FELIX, aka Ana Maria Felix, Debtors, and FELIX FAMILY TRUST, U/A DATED SEPTEMBER 23, 2008, Interested Party, | ) |
|  | ) |
| Debtors/Respondents. | ) |
|  | ) |

**CHAPTER 11**

**CASE NO. 2:09-bk-27291-CGC**

(Assigned to the Honorable Judge Charles G. Case II)

**STIPULATED ORDER PARTIALLY GRANTING MOVANT RELIEF FROM THE AUTOMATIC STAY**
**&**
**NOTICE TO ALL PARTIES OF NEED TO FILE AN OBJECTION OR RESPONSE TO THIS STIPULATED ORDER NOT LATER THAN JANUARY 22, 2010**

For purposes of partially resolving the pending Motion for Relief From the Automatic Stay filed in this Chapter 11 on November 2, 2009 ("Motion"), by CITY NATIONAL BANK, a

national banking association, for itself and as acquirer of certain assets and liabilities of Imperial Capital Bank, from the Federal Deposit Insurance Corporation Acting as Receiver ("MOVANT"), actually, with said pleading filed by MOVANT's predecessor-in-interest, Imperial Capital Bank, a California commercial bank, against Debtors AMPELIO BARRON FELIX and ANAMARIA FELIX, aka Ana Maria Felix, and Interested Party FELIX FAMILY TRUST, U/A DATED SEPTEMBER 23, 2008 (collectively "RESPONDENTS"), as regards the real property, together with the improvements thereon and fixtures attached thereto, plus all additional items pledged as collateral pursuant to that certain Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing dated August 7, 2007 and recorded on August 24, 2007 at Recorder's No. 2007-0955161, Maricopa County, Arizona ("Deed of Trust"), generally consisting of eight (8) single story buildings housing a total of thirty-two (32) residential apartment units commonly known as and/or generally located at 2608, 2612 and 2618 East Roosevelt Street and 2613 East Portland Street, Phoenix, Arizona 85008 85222, bearing the legal description as contained in Exhibit "A" attached to the Deed of Trust, plus as attached as Exhibit "A" hereto, and also identified as Maricopa County Assessor Tax Parcel Nos. 121-76-085C, 121-76-104A and 121-76-086C, including without limitation, all related leases, rents and profits (collectively "Property"), owned by all or a portion of RESPONDENTS, and against which MOVANT holds the Deed of Trust, and because the entry of this Stipulated Order is stipulated to by and between MOVANT and RESPONDENTS through their respective authorized agent as evidenced by the signatures of their legal counsel as evidenced below, IT IS HEREBY:

ORDERED partially granting the Motion with MOVANT, and if applicable, its successor(s), hereby adjudicated entitled to relief from the 11 U.S.C. § 362(a) bankruptcy automatic stay, but only as explicitly provided in accordance with the terms of this Stipulated Order. It is further

**ORDERED** that MOVANT or its successor(s) may, notwithstanding Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure, with such Rule hereby explicitly waived, effective immediately, enforce the Deed of Trust by means of causing the Property to be placed under the control of a State Court appointed receiver, specifically, licensed Arizona real estate brokerage company Case, Huff & Associates, Inc., an Arizona corporation, acting through, among possibly others, its President and authorized agent, Tim S. Huff ("Receiver"), by means of MOVANT or its successor(s) continuing to prosecute and obtaining the relief requested in and by Count Two (Application for Appointment of Receiver, With or Without Notice) of the Complaint that initiated Cause or Case No. CV2009-054573, Maricopa County Superior Court, Arizona ("Receivership"). It is further

**ORDERED** approving and encouraging the appointed Honorable Eddward P. Ballinger, Jr. in the Receivership to immediately enter as part of the Receivership the proposed form of Order Appointing Receiver ("Receivership Order'), which is attached hereto as Exhibit "B," with the Receivership Order among other things (i) although if entered following January 1, 2010, retroactively taking effect, so as to appoint the Receiver of and/or over the Property effective January 1, 2010, and (ii) waiving the necessity of the Receiver posting and/or filing any Receiver's Bond. It is further

**ORDERED** that the Receiver and/or MOVANT may take all actions necessary to fully implement and enforce the terms of the Receivership Order. It is further

**ORDERED** that through December 31, 2009, RESPONDENTS shall remain solely responsible for paying all indebtedness arising from their ownership and/or control of the Property, but of course, with their creditors subject to the 11 U.S.C. § 362(a) bankruptcy automatic stay invoked upon the initiation of this Chapter 11. It is further

**ORDERED** that RESPONDENTS shall turn-over physical possession and control of the Property to the Receiver effective January 1, 2010, and shall cooperate with the Receiver in

3

implementing a timely and orderly turn-over, again, effective January 1, 2010, and whether or not the aforementioned Receivership Order has been entered prior thereto. It is further

**ORDERED** that the Receiver shall be responsible for paying all indebtedness arising from the Receiver's control of and/or over the Property commencing January 1, 2010, subject to the Receiver's ability, pursuant to the Receivership Order, to borrow from MOVANT or its successor(s) such sums of money as are necessary to carry-out the Receiver's duties, with all such sums, pursuant to the terms of the Receivership Order, increasing the amount of indebtedness owing MOVANT, which may be added-onto the Proof of Claim filed in this Chapter 11 on November 2, 2009 by MOVANT's predecessor, again, Imperial Capital Bank, a California commercial bank. All utility service contracts pertaining to the Property shall be placed in the Receiver's name effective commencing January 1, 2010. It is further

**ORDERED** that, if they have not done so previously, commencing January 1, 2010 forward, RESPONDENTS shall immediately turn-over to the Receiver all rents and profits pertaining to or generated by the Property of whatsoever kind and nature. It is further

**ORDERED** that all rents and profits pertaining to or generated by the Property of whatsoever kind and nature commencing as of the initiation of this Chapter 11 on October 27, 2009 through December 31, 2009 shall remain MOVANT's cash collateral, with RESPONDENTS responsible for rendering an accounting of such, and also, their unauthorized to utilize any portion of this cash collateral without first securing either MOVANT's or this Court's permission, which has not, as of this time, been secured. It is further

**ORDERED** that this Stipulated Order does not authorize MOVANT or its successor(s) at this juncture to enforce the Deed of Trust by means of causing to be conducted a Trustee's Sale of the Property ("Sale"), and if the successful bidder(s) at the Sale, to obtain exclusive ownership, possession and control of the Property ("Eviction"). It is further

**ORDERED** that MOVANT and RESPONDENTS shall continue to litigate, in the context of this Chapter 11, whether or not MOVANT or its successor(s) should be granted further

4

relief from the 11 U.S.C. § 362(a) bankruptcy automatic stay to carry-out a Sale, and if deemed necessary by MOVANT or its successor(s), an Eviction. It is further

**ORDERED** that this Stipulated Order is effective immediately and that any party desiring to oppose the continued effectiveness of this Stipulated Order shall only have through January 22, 2010 to file in this Chapter 11 an Objection or Response to this Stipulated Order, and if such an Objection or Response is timely filed, a Hearing on its merits shall be promptly scheduled. It is further

**ORDERED** that if no party timely files an Objection or Response to this Stipulated Order, which again, must be effectuated not later than January 22, 2010, then all of the terms of this Stipulated Order shall *ipso facto* be deemed to at all times commencing January 1, 2010 and thereafter, and without any further Order of this Court required, to have full legal force and effect, subject to the possibility of this Court subsequently entering an Order to the contrary. It is further

**ORDERED** that even if this Chapter 11 is subsequently converted to another Chapter under the Bankruptcy Code, the terms of this Stipulated Order authorizing the Receivership shall remain in full force and effect. It is further

**ORDERED** that promptly upon the entry of this Stipulated Order, MOVANT's attorney shall cause copies of such to be served by First-Class mailings addressed and sent out to all necessary parties, including all parties listed in the ECF Creditor Mailing Matrix of record, which have sufficiently detailed and/or complete mailing addresses to receive mailings, with MOVANT's attorney further filing a Certificate of Service evidencing compliance herewith. Lastly, it is

. . . .

. . . .

LAW OFFICES OF DAVID E. KNAPPER

ORDERED that by entering into this Stipulated Order, MOVANT is not waiving its continuing Objection to the Order Authorizing Appointment of Counsel entered on December 22, 2009 in this Chapter 11.

DATED this ____ day of _____, 20___.

_____

JUDGE CHARLES G. CASE II

Re: Case No. 2:09-bk-27291-CGC (Chapter 11)

AS OF THIS TWENTY-NINTH (29TH) DAY OF DECEMBER, 2009, AND IF NECESSARY, INTENDED TO BE RETROACTIVELY EFFECTIVE AS OF THE FIRST (1ST) DAY OF JANUARY, 2010, JOINTLY STIPULATED, APPROVED, AS TO FORM AND CONTENT, AND REQUESTED TO BE IMMEDIATELY GRANTED BY THE HONORABLE JUDGE CHARGES G. CASE II, AND ENTERED WITH THE CLERK OF COURT, WITH IT AGREED THAT THE SIGNATURES OF JOSEPH W. CHARLES, ESQ. AND DAVID L. KNAPPER, ESQ. MAY BE TRANSMITTED, EXCHANGED AND FILED BY E-MAIL OR FACSIMILE, AND IN COUNTERPARTS, BY:

_____

Joseph W. Charles, Esq.
JOSEPH W. CHARLES, P.C.
Attorney and Authorized Agent for
RESPONDENTS as defined above

_____

David L. Knapper, Esq.
LAW OFFICES OF DAVID L. KNAPPER
Attorney and Authorized Agent for MOVANT
as defined above

. . . .

. . . .

6

LAW OFFICES OF DAVID L. KNAPPER

**ORDERED** that by entering into this Stipulated Order, MOVANT is not waiving its continuing Objection to the Order Authorizing Appointment of Counsel entered on December 22, 2009 in this Chapter 11.

DATED this _____ day of _____, 20___.

_____

JUDGE CHARLES G. CASE II

Re: Case No. 2:09-bk-27291-CGC (Chapter 11)

AS OF THIS TWENTY-NINTH (29TH) DAY OF DECEMBER, 2009, AND IF NECESSARY, INTENDED TO BE RETROACTIVELY EFFECTIVE AS OF THE FIRST (1ST) DAY OF JANUARY, 2010, JOINTLY STIPULATED, APPROVED, AS TO FORM AND CONTENT, AND REQUESTED TO BE IMMEDIATELY GRANTED BY THE HONORABLE JUDGE CHARGES G. CASE II, AND ENTERED WITH THE CLERK OF COURT, WITH IT AGREED THAT THE SIGNATURES OF JOSEPH W. CHARLES, ESQ. AND DAVID L. KNAPPER, ESQ. MAY BE TRANSMITTED, EXCHANGED AND FILED BY E-MAIL OR FACSIMILE, AND IN COUNTERPARTS, BY:


_____

Joseph W. Charles, Esq.
JOSEPH W. CHARLES, P.C.
Attorney and Authorized Agent for
RESPONDENTS as defined above


_____

David L. Knapper, Esq.
LAW OFFICES OF DAVID L. KNAPPER
Attorney and Authorized Agent for MOVANT
as defined above

. . . .

. . . .

6

SUBMITTED this 29th day of December, 2009, to:

The Honorable Judge Charles G. Case II
United States Bankruptcy Court
230 North First Avenue
Phoenix, Arizona 85025

/s/ David L. Knapper
David L. Knapper

# EXHIBIT "A"

PARCEL NO. 1:
Lot 137, DEL REY, according to Book 14 of Maps, Page 5, records of Maricopa County, Arizona;
EXCEPT the North 50.00 feet; and
EXCEPT the West 130 feet.

PARCEL NO. 2:
The West half of the following described property:
Lot 135, DEL REY, according to Book 14 of Maps, Page 5, records of Maricopa County, Arizona;
EXCEPT the North 36.00 feet; and
EXCEPT the West 130 feet.

PARCEL NO. 3:
The West half of the following described property:
The North 50 feet of Lot 137, DEL REY, according to Book 14 of Maps, Page 5, records of Maricopa County,
Arizona;
EXCEPT the West 130 feet.

PARCEL NO. 4
The West half of the following described property:
Lot 133, DEL REY, according to Book 14 of Maps, Page 5, records of Maricopa County, Arizona;
EXCEPT the West 130 feet.

PARCEL NO. 5:
The West half of the following described property:
The North 36 feet of Lot 135, DEL REY, according to Book 14 of Maps, Page 5, records of Maricopa County,
Arizona;
EXCEPT the West 130 feet.

PARCEL NO. 6:
The East half of the following described property:
The South 84.95 feet of Lot 135, DEL REY, according to Book 14 of Maps, Page 5, records of Maricopa
County, Arizona;
EXCEPT the West 130 feet.

PARCEL NO. 7:

The East half of the following described property:

The North 50 feet of Lot 137, DEL REY, according to Book 14 of Maps, Page 5, records of Maricopa County, Arizona;

EXCEPT the West 130 feet.


PARCEL NO. 8:

The East half of the following described property:

Lot 133, DEL REY, according to Book 14 of Maps, Page 5, records of Maricopa County, Arizona;

EXCEPT the West 130 feet; and

EXCEPT the East 6.00 feet of the North 60.00 feet; and

EXCEPT the East 26.00 feet of the North 18.00 feet.


PARCEL NO. 9:

The East half of the following described property:

Lot 135, DEL REY, according to Book 14 of Maps, Page 5, records of Maricopa County, Arizona;

EXCEPT the West 130 feet; and

EXCEPT the South 84.95 feet.


PARCEL NO. 10:

Lot 139, DEL REY, according to Book 14 of Maps, Page 5, records of Maricopa County, Arizona;

EXCEPT the West 175.00 feet; and

EXCEPT the East 50.00 feet.


PARCEL NO. 11:

Lot 139, DEL REY, according to Book 14 of Maps, Page 5, records of Maricopa County, Arizona;

EXCEPT the West 100.00 feet; and

EXCEPT the East 125.00 feet.


PARCEL NO. 12:

The West 60.00 feet of Lot 132; and

The West 35.00 feet of the North 60.00 feet of Lot 134; and

The East 6.00 feet of the North 60.00 feet of Lot 133; and

The West 20 feet of the East 26.00 feet of the North 18.00 feet of Lot 133;

DEL REY, according to Book 14 of Maps, Page 5, records of Maricopa County, Arizona.

# EXHIBIT "B"

1  David L. Knapper
   State Bar No. 010328
2  **LAW OFFICES OF DAVID L. KNAPPER**
3  1599 East Orangewood Avenue, Suite 125
   Phoenix, Arizona 85020
4  Telephone:    (602) 252-0809
5  Facsimile:    (602) 256-0432
   E-Mail:       dlk@knapperlaw.com
6  Attorney for Plaintiff

7

8

9

10        IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

11            IN AND FOR THE COUNTY OF MARICOPA

12

| | |
|---|---|
| 13  CITY NATIONAL BANK, a national banking ) <br> 14  association, for itself and as acquirer of certain ) <br> assets and liabilities of Imperial Capital Bank, ) <br> 15  from the Federal Deposit Insurance ) <br> 16  Corporation Acting as Receiver, ) <br> 17                             Plaintiff, ) <br> 18            vs. ) <br> 19                                  ) <br> 20  AMPELIO BARRON FELIX, an individual; ) <br> ANAMARIA FELIX, aka ANA MARIA ) <br> 21  FELIX, an individual; AMPELIO BARRON ) <br> FELIX, CO-TRUSTEE OF THE FELIX FAMILY ) <br> 22  TRUST, U/A DATED SEPTEMBER 23 2008; ) <br> 23  ANAMARIA FELIX, aka ANA MARIA ) <br> FELIX, CO-TRUSTEE OF THE FELIX FAMILY ) <br> 24  TRUST, U/A DATED SEPTEMBER 23 2008, ) <br> 25  and DOES I-X, ) <br> 26                             Defendants. ) | Case No. CV2009-054573 <br><br> **ORDER APPOINTING RECEIVER** <br><br> (Assigned to the Honorable Eddward P. Ballinger, Jr.) |

27        This Court finding good cause for the immediate entry of this Order because of the

28
29  pleading captioned "Stipulated Order Partially Granting Movant Relief from the Automatic

30  Stay & Notice to All Parties of Need to File an Objection or Response to This Stipulated Order

31  Not Later Than January 22, 2010," which has been entered in *In re Ampelio Barron Felix and*

32
33  *Anamaria Felix*, Case No. 2:09-bk-27291-CGC (Chapter 11), United States Bankruptcy Court,

34  District of Arizona, Phoenix Division ("Stipulated Bankruptcy Order"), together with the

35

Complaint including the Application for Appointment of Receiver contained therein, filed by original Plaintiff IMPERIAL CAPITAL BANK, a California commercial bank ("ICB"), which initiated this action, thus:

**IT IS HEREBY ORDERED** as follows:

Substituting in as Plaintiff in this action ICB's successor-in-interest, specifically, CITY NATIONAL BANK, a national banking association, for itself and as acquirer of certain assets and liabilities of Imperial Capital Bank, from the Federal Deposit Insurance Corporation Acting as Receiver ("CNB"), with CNB's name therefore placed in the caption of this Order, and CNB's name, rather than ICB's name, to be reflected in the caption of all subsequent pleadings filed in this action.

Vacating this Court's Minute Entry dated October 29 and filed in this action on November 2, 2009.

Licensed Arizona real estate brokerage company Case, Huff & Associates, Inc., an Arizona corporation, is appointed; consistent with the Stipulated Bankruptcy Order, <u>if necessary, retroactively, so as commencing January 1, 2010</u>, as receiver ("Receiver"), of and/or over the real property, together with the improvements thereon, presently owned of public record by Defendants AMPELIO BARRON FELIX, an individual, and ANAMARIA FELIX, aka ANA MARIA FELIX, an individual, and/or AMPELIO BARRON FELIX, CO-TRUSTEE OF THE FELIX FAMILY TRUST, U/A DATED SEPTEMBER 23 2008 and ANAMARIA FELIX, aka ANA MARIA FELIX, CO-TRUSTEE OF THE FELIX FAMILY TRUST, U/A DATED SEPTEMBER 23 2008 (collectively "Defendants"), which is real property, together with the improvements thereon, which partially consists of eight (8) single-story buildings housing a total of thirty-two (32) residential apartment units commonly known as and/or generally located at 2608, 2612 and 2618 East Roosevelt Street and 2613 East Portland Street, Phoenix, Arizona 85008, but in any event, bearing the legal description set forth in Exhibit "A" attached to the Complaint that ICB filed that initiated this action, which is also identified as Maricopa

County Assessor Parcel Nos. 121-76-085C, 121-76-104A and 121-76-086C (collectively "Property"), and of all leases, rents and profits pertaining to or generated by the Property of whatsoever kind and nature (collectively "Lease Interests");

Consistent with the Stipulated Bankruptcy Order, that no Receiver's Bond need be posted and/or filed with the Maricopa County, Arizona Superior Clerk of Court ("Clerk"), such that upon the Receiver simply furnishing an oath to the Clerk, and the Clerk issuing a Certificate of Appointment, the Receiver, through its President and authorized agent, Tim S. Huff, having furnished an oath, the Receiver shall forthwith take possession of both the Property and Lease Interests (collectively "Receivership Property"), with the aid of the Maricopa County, Arizona Sheriff's Office, the Phoenix, Arizona Police Department and any other law enforcement officers as may be required, and, except as provided herein, the Receiver shall keep and maintain the Receivership Property in his custody and control pending further Order of this Court.

Consistent with the Stipulated Bankruptcy Order, through December 31, 2009, Defendants shall remain solely responsible for paying all indebtedness arising from their ownership and/or control of the Receivership Property, but of course, with their creditors subject to the 11 U.S.C. § 362(a) bankruptcy automatic stay invoked upon the initiation of the above-referenced Chapter 11.

Consistent with the Stipulated Bankruptcy Order, the Receiver shall be responsible for paying all indebtedness arising from the Receiver's control of and/or over the Receivership Property commencing January 1, 2010, subject to the Receiver's ability, pursuant to the terms of this Order, to borrow from CNB or its successor(s) such sums of money as are necessary to carry-out the Receiver's duties, with all such sums, pursuant to the terms of the Receivership Order, increasing the amount of indebtedness owing CNB, which may be added-onto the Proof of Claim filed by CNB's predecessor, ICB, in the aforementioned Chapter 11 on

November 2, 2009. All utility service contracts pertaining to the Receivership Property shall be placed in the Receiver's name effective commencing January 1, 2010.

During the continuance of this receivership, Defendants, and if applicable, their employees, agents, including any property manager, and attorneys, and also, anyone acting in concert with Defendants, are hereby enjoined from interfering with the Receiver's possession, custody and control of the Receivership Property. In fact, Defendants, and again, if applicable, their employees, agents, including any property manager, and attorneys, are hereby directed to cooperate with the Receiver and to disclose all information relevant to the Receivership Property, and to turn over to the Receiver all materials relevant and necessary in the opinion of the Receiver to fulfill its tasks and objectives as set forth in this Order, including without limitation, all cash derived from, and keys relating to, the Receivership Property.

Upon being given notice hereof, all tenants or others now or hereafter in possession of any part of the Property pursuant to leases or other occupancy arrangements pertaining to the Property, or otherwise obliged to make payments under leases or other occupancy arrangements pertaining to the Property, shall and are hereby ordered to pay to the Receiver or the Receiver's designee all rents, profits and other monies in respect to such leases or other occupancy arrangements now due and unpaid, or that may hereafter become due, until further Order of this Court, and that such payments by such tenants or others shall constitute pro tanto discharge of said tenants' or others' obligations to make rental and other payments under their leases or other occupancy arrangements.

Upon request of the Receiver, Defendants, shall instruct all property managers, agents, tenants, or others now or hereafter in possession of any part of the Property to make all such rent, profits or other payments to the Receiver or the Receiver's designee until further Order of this Court.

Defendants, and if applicable, their employees, agents, including any property manager, and attorneys, and also, anyone acting in concert with Defendants, shall forthwith

— 4 —

deliver or make available to the Receiver or the Receiver's designee all security deposits and/or pre-paid rents, books, records and accounts of whatsoever kind generated by or otherwise pertaining to the Receivership Property, all executed originals of leases of various portions of the Property, all rent rolls and related records, and all other records, documents, insurance policies, and instruments of whatever kind and nature which relate to the operation and control of any part of the Receivership Property.

The Receiver shall have the right to make demands upon financial institutions, which they shall honor, to immediately "freeze" and prohibit any withdrawals or payments from any accounts which the Receiver believes are a repository for funds belonging to or arising from operation of the Receivership Property, whether such accounts be titled in the name of Defendants, or not. After three (3) business days from receipt of any such demand, any financial institution upon whom demand is made shall be required to turn over to the Receiver all funds held in such accounts at the time the "freeze" was imposed, together with any deposits which may have been made to such accounts after the "freeze" was demanded by the Receiver.

The Receiver shall also have the right to make demands upon the United States Postal Service and any private mail or courier service providers, which they shall honor, for the Receiver to gain exclusive possession and control of all postal boxes or other delivery points as may have been used by Defendants, or their agents for the receipt of rent and other mail generated by or otherwise pertaining to the Receivership Property.

Consistent with the Stipulated Bankruptcy Order, the Receiver may not use funds of the Receivership estate to pay any bills for goods or services contracted for, installed or otherwise provided to the Receivership Property, nor to Defendants, or their agents, prior to January 1, 2010, unless such payment is deemed necessary by the Receiver, acting in its sole and unbridled discretion, to enable the Receiver to continue to operate and maintain the Receivership Property.

— 5 —

LAW OFFICES OF DAVID L. KNAPPER

The Receiver is authorized, empowered and directed, without further Order of this Court required, to employ any assistants, servants, agents, attorneys, or such other persons as the Receiver deems necessary and proper, including without limitation, any contractor, builder, supplier or vendor, to assist the Receiver in carrying-out its duties, and is further authorized and directed to pay the reasonable value of the services rendered and supplies furnished by such persons from the funds received by the Receiver and in the Receiver's possession.

The Receiver is further authorized and empowered to lease any portion of the Property, or extend or renew any existing lease, without further Order of this Court required, although the Receiver is free to petition this Court for explicit approval of such, and further, any such lease shall be subordinate in interest to the lien CNB, again, as ICB's successor-in-interest, holds against the Receivership Property by means of a Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing dated August 7, 2007, which was recorded on August 24, 2007 at Recorder's No. 2007-0955161, Maricopa County, Arizona ("DOT").

The Receiver may borrow from CNB such sums of money as are necessary to carry-out the Receiver's duties hereunder, with or without issuing receiver's certificates upon this Court's approval and upon such terms as this Court may determine. Any funds so borrowed by the Receiver, whether or not accompanied by a receiver's certificate, shall increase the indebtedness Defendants owe CNB, with repayment thereof secured by the DOT, and interest shall accrue thereon at the agreed cumulative non-default rate and default rate of eighteen percent (18.00%) per annum as provided in, and computed in accordance with, the "Note" as defined in the aforementioned Complaint. The Receiver shall utilize funds borrowed in order to keep the Property insured and to avoid its deterioration, and to pay the sales, aka lease, taxes on account of, the Receivership Property, plus pay all utilities, bills and all other operating expenses pertaining to the Receivership Property, but again, with the Receiver not

— 6 —

obligated to pay any utilities, bills or other expenses incurred relating to the Receivership Property prior to January 1, 2010.

Upon demand by the Receiver, those providing utility services to the Property shall transfer billing for such services, together with any deposits held by the provider, to the exclusive control of the Receiver, consistent with the Stipulated Bankruptcy Order, effective commencing January 1, 2010. If the present customer of any utility service provider was not required to post a deposit, then neither shall the Receiver be required to post a deposit as no change of legal ownership of the Property has yet occurred.

Any possible requirement of this Order by which the Receiver must obtain approval before proceeding with any action or expenditure shall be deemed to be satisfied by an Order of this Court entered after notice to CNB and Defendants, with said approval capable of being obtained either before or after the occurrence of such action or expenditure.

All person or entities now or hereafter unlawfully in possession of the Receivership Property, or any part thereof, shall forthwith surrender such possession to the Receiver upon the Receiver's demand.

The Receiver or CNB may, at any time, on proper notice, apply to this Court for further or other instructions, and for additional powers necessary to enable the Receiver to properly fulfill the Receiver's duties; and that except for good cause shown necessitating shorter notice, five (5) calendar days' prior notice shall be considered proper notice under this Order and such notice shall be deemed duly served upon Defendants immediately upon such being sent by pre-paid registered or certified U.S. mail, with return receipt requested, to the address for Defendants as provided in the mailing list set forth at the end of this Order, or given in any manner allowed under the Arizona Rules of Civil Procedure governing civil actions generally.

Without limiting the generality of the foregoing, the Receiver is hereby empowered and directed, without further order of this Court:

— 7 —

Case 2:09-bk-27291-CGC    Doc 56    Filed 01/04/10    Entered 01/05/10 09:35:51    Desc
LAW OFFICES OF DAVID L. KNAPPER    Main Document    Page 19 of 23

(a)    To take possession of the Receivership Property and operate, manage, protect and maintain it and lease all or any part of the Property;

(b)    To demand, collect and receive all rents and profits for the Property, or any part thereof, due and unpaid by tenants, or others, or thereafter to become due;

(c)    To bring and prosecute all proper actions for the collection of amounts due on the Receivership Property, as well as all necessary actions and proceedings for the removal of tenants or others in default, or other persons from the Property, and to bring and prosecute all proper actions for the protection of the Receivership Property or to recover possession thereof;

(d)    To keep the Property insured and in repair, prevent its deterioration, and to pay the sales, aka lease, taxes accruing or on account of, the Receivership Property, plus pay all utility bills and all other operating expenses pertaining to the Receivership Property;

(e)    To enter into contracts, incur and discharge obligations and make expenditures from income and receipts of the business of the Receivership Property as necessary to perform the duties set forth in this Order, and

(f)    To take steps necessary in the Receiver's discretion to place the bank accounts, that relate to the Receivership Property, of Defendants, and if applicable, their affiliated entities or agents, including any existing property manager, in the Receiver's own name, and to use the accounts as an operating fund for the business of the Receivership Property.

The Receiver, upon taking possession of the Receivership Property, shall determine whether, in the Receiver's judgment, there is sufficient insurance coverage on the Property. If sufficient insurance coverage does exist, the Receiver shall have himself named as an additional insured on the policy or policies for the period that the Receiver shall be in possession of the Receivership Property. If sufficient insurance coverage does not exist, it is hereby ordered that the Receiver shall procure said insurance on the Property as soon as the Receiver is reasonably able, provided the Receiver has sufficient funds available to do so.

LAW OFFICES OF DAVID L. KNAPPER

The Receiver shall prepare monthly operating statements, reflecting and itemizing all receipts received and expenditures incurred during said month by the Receiver, or the Receiver's agents, representatives or employees, in the operation and administration of the Receivership Property. The Receiver shall deliver, by first class mail, to counsel for CNB, a copy of each such statement for the prior calendar month, whereupon CNB's counsel shall promptly file same with the Clerk of Court, and mail-out copies to Defendants at their address as provided in the mailing list set forth at the end of this Order.

The Receiver shall retain any monies which may remain in his hands after deducting his proper fees, expenses and disbursements therefrom, including, but not limited to, the expenses incurred or made pursuant to the exercise of the Receiver's powers hereunder, and shall pay in increments, as soon as the Receiver can effectuate, any remaining money to CNB to be applied to the "Indebtedness," again, as that term is defined in the aforementioned Complaint.

The Receiver shall otherwise have and enjoy the powers and prerogatives ordinarily provided to receivers by law.

For the services the Receiver shall render, the Receiver shall be entitled to compensation in the amount of an initial $500.00 set-up fee, plus $800.00 per month, with this last amount to be earned by the Receiver for physically serving as property manager over the Property or ensuring said Property is managed. The Receiver is authorized, empowered and directed, without further Order of this Court required, to pay the Receiver this compensation from the funds received by the Receiver and in the Receiver's possession. Lastly, if subsequently, the Receiver believes the Receiver has provided unforeseen and an extraordinary amount of services, the Receiver is free to petition this Court for additional compensation.

The Receivership Property shall defend, indemnify and hold-harmless both the Receiver and the sole and separate and marital community properties of its President and authorized agent, Tim S. Huff, from any and all claims arising by reason of, or otherwise relating to, the Receivership Property, except in a case where the Receiver has acted outside the scope of its

LAW OFFICES OF DAVID L. KNAPPER

authority, committed fraud or intentionally misrepresented his authority as Receiver, or acted negligently. In the event a suit is filed against the Receiver or Tim S. Huff, where this duty to defend, indemnify and hold harmless applies, it shall be incumbent upon the Receivership Property to reimburse the Receiver for the attorneys' fees, taxable costs, expert witness fees and all other costs of defending such action, including any appeals thereof, to final resolution and award of judgments. This duty to defend, indemnify and hold-harmless shall survive the termination of this Receivership and the discharge of the Receiver.

Upon reinstatement of the DOT or the completion of a foreclosure sale of the Property, or any Order entered in the aforementioned Chapter 11 directing same, the Receiver shall undertake to "wrap up" its affairs, surrender possession of the Receivership Property, prepare a full and final accounting (hopefully, not later than forty-five [45] days following the aforementioned reinstatement, foreclosure or Order), and upon turning-over any surplus funds to the party entitled to receive them, all parties shall be barred from seeking to enforce any claim, right, or interest against the Receiver.

In the event any party violates the terms of this Order, the Receiver may petition this Court to issue an Order to Show Cause why such party should not be found to be in contempt and impose appropriate sanctions and penalties.

DONE IN OPEN COURT this _____ day of _____, 20___.


_____
EDWARD P. BALLINGER, JR.
JUDGE OF THE SUPERIOR COURT

LAW OFFICES OF DAVID L. KNAPPER

ORIGINAL & COPIES of the foregoing
hand-delivered this _____ day of
_____, 20___, to:

The Honorable Eddward P. Ballinger, Jr.
Maricopa County Superior Court
Northeast Precinct
18380 N. 40th Street
Phoenix, Arizona 85032

UNSIGNED COPY of the foregoing
mailed this _____ day of
_____, 20___,
and CONFORMED COPY of the foregoing,
once entered, to be mailed to:

Ampelio Felix and Anamaria, aka Ana Maria Felix
Ampelio Felix, Co-Trustee
Anamaria Felix, aka Ana Maria Felix Co-Trustee
Felix Family Trust, U/A dated September 23 2008
13131 East Ocotillo Road
Chandler, Arizona 85249
Defendants

COURTESY UNSIGNED COPY of the foregoing
mailed this _____ day of
_____, 20___, and COURTESY CONFORMED COPY of the foregoing,
once entered, to be mailed to:

Joseph W. Charles, Esq.
JOSEPH W. CHARLES, P.C.
5704 West Palmaire Avenue
P.O. Box 1737
Glendale, Arizona 85311-1737
Bankruptcy Attorney

_____

David L. Knapper