**JOSEPH W. CHARLES, P.C.**
**5704 West Palmaire Avenue**
**P.O. Box 1737**
**Glendale, Arizona 85311-1737**
**Tel: (623) 939-6546**
**Fax: (623) 939-6718**
**Email: attyjcharles@joecharles.com**

Joseph W. Charles
State Bar #003038
Attorneys for Debtors

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | Chapter 11 |
| AMPELIO BARRON FELIX and ANAMARIA FELIX, | Case No. 2:09-bk-27291-CGC |
| Debtors. | (Assigned to the Honorable Judge Charles G. Case II) |
| CITY NATIONAL BANK, a banking association, for itself and as acquierer of certain assets and liabilities of Imperial Capital Bank, from the Federal Deposit Insurance Corporation Acting as Receiver, | **OBJECTION TO THE ORDER DATED JANUARY 4, 2010** |
| Movant, | |
| vs. | |
| AMPELIO BARRON FELIX, and ANAMARIA FELIX, aka Ana Maria Felix, Debtors, and FELIX FAMILY TRUST, U/A DATED SEPTEMBER 23, 2008, Interested Party, | |
| Debtors/Respondant, | |

Come now the Debtors, AMPELIO BARRON FELIX and ANAMARIA FELIX, by and through counsel undersigned, and hereby object to the Order Dated January 4, 2010.

- 1 -

1.  Good faith attempt to comply with Order.

Debtors are making a good faith attempt to comply with the Order in question. However, the Order appears to be ambiguous and contradictory. The fourth paragraph of page 3 on or about line 26 states:

> Ordered that through December 31, 2009 Respondents shall remain solely responsible for paying all indebtedness arising from their ownership and/or control of the Property, but of course, with their creditors subject to the 11 U.S.C. § 362(a) bankruptcy automatic stay invoked upon the initiation of this Chapter 11.

The Debtors did indeed pay the utilities and maintenance costs through December 31, 2009. However, as Debtors have no funds of their own, the only funds available to pay for these expenses were the rents from the property.

Debtors believe that their actions were in the best interest of the estate as the tenants were able to stay in the property and use the utilities whereas had Debtors not used the rents from the property, many people surely would have left. Furthermore, debtors were able to attract additional tenants in that time period that would not have signed if those expenses were not paid.

2.  Apparent contradiction.

Although the order is specific that the Debtors were to pay the cost for the remainder of 2009, a separate part of the Order appears to contradict the earlier part. The second paragraph of page 4 on or about line 20 states:

> ORDERED that all rents and profits pertaining to or generated by the Property of whatsoever kind and nature commencing as of the initiation of this Chapter 11 on October 27, 2009 through December 31, 2009 shall remain MOVANT's cash collateral, with RESPONDENTS responsible for rendering an accounting of such, and also, their[sic?] unauthorized to utilize any portion of this cash collateral without first securing either

- 2 -

MOVANT's or this Court's permission, which has not, as of this time, been secured.

Debtor is unsure how to read these two sections in harmony with each other. The plain language of the Order says that "all rents" are to be sent to Movant. It is hard to see how this could be possible given that the Order came down after Debtors spent the money caring for the Property weeks ago.

The apparent contradiction occurs when the order states that the money may not be utilized without permission. It appears that the earlier part of the Order gave Debtors permission to utilize the money for "…paying all indebtedness arising from their ownership and/or control of the Property…" However, the next part of the second section explicitly states that permission has not been secured.

3. Apparent ambiguity.

The second section also makes it unclear which funds are being discussed. The terminology used is, "…all rents and profits…" "All rents" seems to mean every dollar collected from the tenants. Profits are the difference between the rents and the costs. Debtors believe that the profit language is the logical and correct term. After all, profits would be the only monies Movant will receive from the receiver.

WHEREFORE Debtors pray for a clarification of the order as to what monies are owed to Movant. Is it the rents that have already been spent complying with the order? Or is it the profits from the Property, which is the more logical reading of that the second section?

Respectfully submitted this 22nd day of January, 2010.

**JOSEPH W. CHARLES, P.C.**

By:    <u>/s/ Joseph W. Charles</u>
         **JOSEPH W. CHARLES**
         5704 West Palmaire Avenue
         Post Office Box 1737
         Glendale, Arizona  85311
         Attorney for Debtors

COPY of the foregoing
mailed this 22nd day of
January, 2010, to:

David L. Knapper
LAW OFFICES OF DAVID L. KNAPPER
1599 East Orangewood, Suite 125
Phoenix, AZ 85020
Attorney for Movant

By: /s/ C. Short